The opinion of the Court was afterwards delivered by
Parsons, C. J.
In this case, the count is in a plea of covenant broken, in which the plaintiff declares that the defendant, by his deed dated April 7th, 1787, sold him a tract of land in Alford, to hold in fee simple ; and, among other covenants, covenanted with the plaintiff that the premises were free of all encumbrances. Of this covenant the plaintiff assigns the breach; and avers that before at the time, and ever since, the execution of that deed, there bad been, then was, and ever since has been, a public town-road or way laid out over the premises by the town of Alford, for the use of the inhabitants, duly accepted and confirmed by the town, which road the plaintiff, in assigning the breach, particularly describes, averring that it contains two acres and eighty rods of the land sold, and concluding that so the defendant his covenant aforesaid hath not kept, but hath broken the same.
To this breach, thus assigned, the defendant pleads that the plaintiff ought not to maintain his action, because he says that when the deed was executed, the premises were free of all encumbrances, and concludes to the country.
P * 101 ] *The plaintiff demurs to this plea especially, because the defendant has not traversed the existence of the road, nor confessed and avoided it, and because the plea does not conclude with an averment. And the defendant joins in demurrer.
Whether the defendant’s plea is, or is not, good, is the issue in law submitted to the decision of the Court.
The defendant’s counsel argued that his plea was substantially and formally good ; and that, if it was not, the defendant was entitled to judgment, because, a public town-road being no encumbrance, the breach assigned was insufficient in law.
As the plaintiff in this case has not assigned the breach merely in the words of the covenant, but has further specially described the encumbrance, the existence of which constitutes the breach of which he complains, —if the breach thus assigned be sufficient in law, the defendant ought, in his plea, either to have confessed and avoided the assignment, or to have traversed the breach thus specially de *99 scribed. As he has done neither, it is the opinion of the Court that his plea is bad.
If the breach is not well assigned, the counsel for the defendant is certainly right in demanding judgment for his client, notwithstanding his plea is bad.
If the public town-road, described by the plaintiff in his assignment, is no legal encumbrance of the land sold, the breach is not well assigned. But the Court are well satisfied that the road, as there described, is an encumbrance of the land sold. It is legal obstruction to the purchaser to exercise that dominion over the land, to which the lawful owner is entitled. An encumbrance of this nature may be a great damage to the purchaser, or the damage may be very inconsiderable, or merely nominal. The amount of damages is a proper subject of consideration for the jury who may assess them, but it cannot affect the question whether a public town road is, in legal contemplation, an encumbrance of the land over which it is laid.
Judgment must therefore be entered, that it appears to the Court that the defendant’s plea is bad, and insufficient in the law, &c. (a)

Judgment for the plaintiff.

 Bradley vs. Ousterholdt, 13 Johns. 404. It is in general sufficient for the plaintiff to assign a breach in the negative of the words of the covenant. — Bradshaw's case, 9 Coke, 60.— Glinister vs. Audley, T. Ray. 14.— Gale vs. Read, 8 Eastn. 80.— Wotton vs. Hale, 2 Saund. 180. — Serg. Williams's note (10), and note to Browning vs. Wright, 2 Bos. & Pul. 14.—Hancock vs. Field, Cro. Jac. 170.— Muscot vs. Ballet, Cro. Jac. 369.— Lancashire vs. Glover, 2 Show 460. — Doct. pl. 61. — Touch. 170.— Platt on Cov. 546, 308, 311. — Jenk. Cent. Cas. 305, case 79.