Judgment for the plaintiff.

------◆※◆------

## WHITBECK *against* COOK and Wife.

THIS was an action of covenant, for the breach of the
covenants contained in a conveyance of land. The cause
was brought before the court on demurrer, on a case made
after verdict, and on a motion in arrest of judgment.

The declaration stated, that by deed, bearing date the
5th of *April*, 1814, *Philip* and *Clarissa Cook*, the defend-
ants, by the name and description of *Philip Cook and Cla-*

In assigning
a breach of a
covenant for
quiet enjoy-
ment, contain-
ed in a convey-
ance of land,
the plaintiff
must show an
entry, and ex-
pulsion from,
or some actual
disturbance in
the possession.
It is not a
breach of the covenants, that the grantor was lawful owner of the land, was well seised, and had
full power to convey, that part of the land was a public highway, and was used as such ; a public
highway being a mere *easement*, and the seisin, and right to convey, still continuing in the owner of
the land over which it was laid out.

Where a husband and wife execute a conveyance, in which they both covenant to the grantee,
the wife cannot be joined with her husband in an action for a breach of the covenant, her acknow-
ledgment having no further effect than to convey her interest in the land, and not binding her by
the covenants contained in the deed.

Where husband and wife are improperly joined, as defendants in an action, it *seems*, that if the
plaintiff has a cause of action against the husband, he will be allowed to enter a *noli prosequi*, as to
the wife.

NEW-YORK, *rissa Cook,* his wife, in consideration of the sum of 8,093
October, 1818. dollars, and 25 cents, conveyed to the plaintiff, in fee, a

WHITBECK certain piece, or parcel of land, in the town of *Warren,*
v.
COOK. in the county of *Herkimer,* containing 269 acres, three quar-
ters, and four roods; and that the said *Philip* and *Clarissa,*
by the said deed, covenanted, 1. That they, at the time of
the sealing the same, were the true and lawful owners
of the premises, with the appurtenances; 2. And were law-
fully seised in their own right of a perfect, absolute, and in-
defeasible estate of inheritance in the premises; 3. And that
they had, in themselves, good right, full power, and lawful
anthority, to grant and convey the same; 4. And, also, that
the plaintiff, his heirs and assigns, should, and might, for-
ever thereafter, peaceably have, hold, occupy, and possess
the premises, free from hindrance or molestation, of any
person, or persons, lawfully claiming the same. The plain-
tiff then assigned as breaches, 1. That the defendants were
not, at the time of the sealing the deed, the true and law-
ful owners of eleven acres, two roods, and twenty perches
of the land described and conveyed in the deed; 2. And
were not lawfully seised, in their own right, &c. of, and in,
eleven acres, two roods, and twenty perches, thereof; 3.
And had not good right, &c. to grant and convey the said
eleven acres, two roods, and twenty perches; 4. And that
the plaintiff " hath not been suffered to have, hold, occupy,
and possess eleven acres, two roods, and twenty perches of
the said land and premises, the same being part and parcel
of the said land and premises, so conveyed as aforesaid, free
from the hindrance or molestation of any person or persons
lawfully claiming the same; but the said eleven acres, two
roods, and twenty perches of the said land, parcel of the
said land and premises so conveyed, as aforesaid, were, at
the time of the making the said indenture in writing, and
for a long time before that, and ever since, have been a
common and a public highway, agreeable to the laws and
statutes of the state of *New-York,* and have, for all the time
aforesaid, been used, occupied, possessed, and enjoyed by
the people of the state of *New-York,* as such common and
public highway."

To this declaration the defendants pleaded, 1. *Non est*

*factum.* 2. To the first, second, and third breaches, that they were lawful owners, &c. and were lawfully seised, &c. and had, in themselves, good right, &c. pursuing the words of the breaches assigned by the plaintiff. To this plea the plaintiff replied, taking issue thereon.

To the fourth breach the defendants demurred, and showed, for causes of demurrer, that it does not allege any eviction, disturbance, or molestation, in the enjoyment, possession, or occupation of the said eleven acres, two roods, and twenty perches ; and that it is, in other respects, uncertain, informal, and insufficient, &c. The plaintiff joined in demurrer.

The cause was tried before Mr. J. *Platt*, at the *Herkimer* circuit, in *June*, 1818. The deed declared upon was produced in evidence, and it appeared to be duly executed and acknowledged by both the defendants. It was admitted, that a part of the land conveyed was, as mentioned in the declaration, a public highway. The counsel for the defendants moved for a nonsuit, on account of the improper joinder of the wife, who, it was admitted, had no interest in the land, except a right of dower ; but the motion was denied. A verdict was taken for the plaintiff, by consent, subject to the opinion of the court, on the three first breaches assigned in the declaration, and contingent damages were assessed on the fourth.

The defendants moved in arrest of judgment, on the ground that the wife was not bound by the covenants contained in the deed, though acknowledged according to the statute ; or if she was bound, then the declaration should have stated her acknowledgment.

*Talcot*, for the defendants. 1. In support of the demurrer to the fourth breach assigned in the declaration. The breach alleged is, that some part of the premises conveyed, was, and is, a public highway, and used as such. But to show a breach of the covenant for quiet enjoyment, the plaintiff should have alleged an entry by the plaintiff, or an eviction, or some actual disturbance in the possession. (*Waldron* v. *M'Carty*, 3 *Johns. Rep.* 471. *Kortz* v. *Carpenter*, 5 *Johns. Rep.* 120. *Sedgwick* v. *Hallenb_ack*, 7 *Johns. Rep.* 380.)

At the common law, there were two modes of taking ad-vantage of a warranty; one by *voucher ;* and the other by the writ of *warrantia chartœ ;* but in neither case could the party recover, unless he was in possession, and had been evicted or disturbed. Since covenants have been introdu-ced into conveyances the rule is the same. That the gran-tee cannot get into possession of his land, is no breach of the warranty. A *fortiori,* there is no breach of the cove-nant here, as the highway is a mere *easement.* (1 *Saund.* 322. a. note 2. *Hob.* 12.)

[THOMPSON, Ch. J. You need not argue this point further. It is settled, that there can be no breach of this covenant, unless there has been an eviction, or disturbance of the pos-session.]

2. As to the facts of the case. The existence of a pub-lic highway through the premises, was no evidence of a breach of the covenant of seisin; it could, therefore, be no measure of damages for the breaches of covenant, to be assessed by the jury at the trial. The original owner of the soil, in laying out a highway, gives merely the *use* of the land to the public. The ownership and seisin still remain in him, or his heirs or assigns. He may maintain trespass for any exclusive appropriation of it by another. (*Cor-telyou* v: *Van Brundt,* 2 *Johns. Rep.* 357.) To maintain trespass, the plaintiff must be in possession ; and *seisin* is the possession of a freehold. If the defendant, then, had the seisin, subject only to an *easement* or right of way over a part of the premises, it follows, that there has been no breach of this covenant.

Again ; the plaintiff ought to have been nonsuited. The wife was not liable on the covenant, and could not, therefore, be joined in the action. Both defendants having pleaded jointly, there can be no judgment against the husband alone. This misjoinder of the wife, may be taken advantage of un-der the general issue. (1 *Chitty Pl.* 32. 45. 2 *Vin. Abr.* tit. *Actions. Joinder.* (D. d.) pl. 8.) There is an allega-tion of a contract made by both defendants, when, in fact, it is a contract by the husband alone.

3. The judgment must be arrested. The wife was not

bound by the covenants in the deed. At common law, the only mode in which a *feme covert* could pass her estate was by fine, or common recovery. But in this country, she may pass her estate, or bar herself of dower, by joining in the deed of conveyance with her husband. (*Fowler* v. *Shearer*, 7 *Mass. Rep.* 14—20.(*a*) Our statute has provided, that she may pass her estate, by her deed, on a previous acknowledgment made by her, on a private examination before certain judges or officers. (1 *N. R. L.* 369.) The covenants in the deed are not necessary to pass the estate; and though the wife may be estopped by her covenants, she is not answerable for a breach of them. (7 *Mass. Rep.* 291. *Colcord* v. *Swan.*)

If she could be liable at all on the covenant, it can only be when she has duly acknowledged her deed according to the statute; and that is a material fact, necessary to be averred in the declaration, in order to support the action. (2 *Saund.* 176. n. 3. *Brook's Abr. Debt.* pl. 198.)

If the wife is not to be considered in court, the plaintiff cannot recover, for the statute regulating proceedings as to joint debtors, does not apply to this case.

*Ford*, contra. There was no misjoinder of the wife. The husband alone was taken. The plea is *non est factum* by the husband, as to both defendants. The issue is, whether this is their deed. It is admitted that it is her deed, for the purpose of passing her estate. If it is her deed for any purpose, the issue on the part of the plaintiff is maintained. The declaration is supported. There is no variance between the allegation and the proof.

Next, as to the other pleas to the first, second and third breaches assigned; the defendants say, that they were lawfully seised, &c. If they cannot avail themselves of the coverture, under the general issue of *non est factum*, neither can they under these pleas. The facts stated in the fourth assignment of breaches, in the declaration, may be given in evidence to support the other breaches assigned. The existence of the public highway was a breach of the covenant,

---

(*a*) Vide *Jackson, ex dem. Woodruff and others,* v. *Gillchrist*, ante, p. 89. and *Van Buren, arguendo*, p 95.

NEW-YORK, October, 1818.

WHITBECK
v.
COOK.

that the defendants were seised of an *absolute and indefea-sible estate of inheritance* in fee simple in the premises. These words imply that they had the sole, exclusive, and uncontrolled dominion and enjoyment of the estate which they so conveyed. Suppose there had been an outstanding term of 900 years, would that not be an incumbrance, and a breach of the covenant? To support an action on the covenant of seisin, it is not necessary to aver or prove an eviction. (*Pollard* v. *Dwight*, 4 *Cranch Rep.* 421. *Bender* v. *Fromberger*, 4 *Dallas*, 436. *Duvall* v. ·*Craig*, 2 *Wheat. Rep.* 45. 61.) If the grantor is not seised, the covenant is broken immediately. (*Greenby & Kellogg* v. *Wilcocks*, 2 *Johns. Rep.*) (*a*)          A pre-existing title in another, so as

(*a*) In *Greenby and another* v. *Wilcocks*, the plaintiffs were *administrators* of *Kellogg*, to whom the land was conveyed by *Hardenbergh*, who was possessed of the premises under a deed from *Pollock*, the grantee of the defendants, who conveyed the lands with the usual covenants of seisin, &c., for the breach of which the action was brought; and the court *held*, (*Livingston*, J. dissenting) that there being a total defect of title in the defendants when they conveyed to *Pollock*, the covenants were broken, as soon as they were made, and being *choses in action* which could not be *assigned* at common law, the plaintiffs could not sustain the action, though the intestate was evicted, in his life time. In *Hamilton and others* v. *Wilson*, (4 *Johns. Rep.* 72.) an action was brought by the *heirs* of *J. H.* against the defendant, for a breach of the covenant of seisin made by the defendant to their ancestor; and the breach was assigned generally. It was moved, in arrest of judgment, that the covenant, if broken at all, was broken as soon as it was made, and did not descend with the land to the heir; and that, therefore, the plaintiffs could not maintain the action; but that the suit should have been brought by the *personal* representatives of *J. H.* And the court held, that the heirs could not support the action, and the judgment was arrested. In *Kingdon* v. *Nottle*, (1 *Maule & Selwyn's Rep.* 355.) the plaintiff brought an action, *as executrix* of the grantee, for a breach of the covenants of seisin, &c. made by the defendant to the testator, and assigned breaches generally, negativing the words of the covenant; and, on special demurrer, the declaration was held bad; and that the executrix could not maintain an action, without showing some special damage to the testator in his life time, or that she had an interest in the land; for if the executrix was allowed to recover, it must be to the full amount of the damages for the defect of title; and in that case, the recovery would bar the heir of his action. That these were real covenants which run with the land and go to the assignee of the land, or descend to the heir, and must be taken advantage of by him alone. That the testator might have sued in his life time; but not having done so, the covenant and the right to sue thereon, devolved with the estate upon the heir; and it was distinguished from the case of *Lucy* v. *Livingston*, (2 *Lev.* 26. 1 *Vent.* 175. S. C.) where there was an actual damage accruing to the testator, in his life time, by his eviction. An action was, afterwards, brought by *Kingdon*, as *devisee* in fee, against *Nottle*, (4 *Maule & Selwyn*, 53.) for a breach of the same covenants, and there was a demurrer to the declaration, because the supposed breaches were committed in the life time of the testator, before the plaintiff had any interest in the premises, and because it did not appear from the declaration that the plaintiff, since the death of the testator, had been interrupted or disturbed in the possession, or sustained any damages, &c.; but it was held that the action was

to hinder the entry of the grantee, is equivalent to an eviction. A paramount title existing in another, is an incumbrance. (*Prescott* v. *Trueman*, 4 *Mass. Rep.* 627.) In *Kellogg* v. *Ingersoll*, (2 *Mass. Rep.* 97.) it was held by the Supreme Court of *Massachusetts*, that a public highway over the land conveyed was an *incumbrance*, and a breach of the covenant that the premises were free from incumbrances, &c. If the action cannot be maintained against the wife, it is supported against the husband, the party before the court. If the husband is bound by the covenants, and the action is supported as to him, then the judgment cannot be arrested as to him.

NEW-YORK,
October, 1818.

WHITBECK
v.
COOK.

*Talcot*, in reply, said, that in the cases of *Duval* v. *Craig*, *Prescott* v. *Trueman*, and *Kellogg* v. *Ingersoll*, there were special covenants that the premises conveyed were, and should remain free from all incumbrances. There was no such covenant in the pleadings in this case. By the pleadings, judgment is demanded against both defendants. If the wife is not to be considered a party in court, then the objection in arrest is well founded.

SPENCER, J. delivered the opinion of the court. In this case, the defendants have demurred to the fourth breach assigned in the declaration. A motion has also been made

---

maintainable. Lord *Ellenborough* said, that though according to the letter, the breach was in the testator's life time; yet, according to the spirit, the substantial breach was in the time of the *devisee*, who had thereby lost the fruit of the covenant, in not being able to dispose of the land. That the covenant passed with the land to the devisee, and had been broken in the time of the devisee; for so long as the defendant had not a good title, there was a continuing breach; that it was not like a covenant to do an act of solitary performance, which not being done, the covenant is broken once for all, but is in the nature of a covenant to do a thing *toties quoties*, as the exigency of the case may require. *Dampier*, J. said it was a covenant which runs with the land; but if it could be broken but once, and ceased *eo instanti* that it was broken, how could it be a covenant which runs with the land? So, in *King* v. *Jones and another*, (5 *Taunt.* 418.) which was an action brought by the *heir* of a grantee against the executors of the grantor, for a breach of the covenant for further assurance, the ancestor had, in his life time, requested his grantor to levy a fine, which was not done, and after the death of the ancestor, the heir was evicted; and it was held by the court of C. B. that the *heir* might maintain the action; for though the breach was in the life time of the ancestor who might have sued, yet it was a breach, the ultimate or consequential damages of which were sustained by the heir.

NEW-YORK, in arrest of judgment; and the parties have submitted a
October, 1818. third question, whether the plaintiff is entitled to recover,
WHITBECK under the facts in the case, upon the covenants in the deed,
v.
COOK. that the defendants at the time of sealing the indenture,
were the true and lawful owners of the premises conveyed,
and were lawfully seised in their own right of a perfect, ab-
solute, and indefeasible estate of inheritance, in fee simple,
of and in the premises; and that they had good right, full
power, and lawful authority to grant and convey the same.
The facts are admitted to be, that the deed conveys a tract
of land containing 269 acres and three quarters, eleven
acres, two roods and twenty perches whereof, and in-
cluded in the general boundaries, were at the time of exe-
cuting the deed, for a long time before, and ever since
have been, a common and public highway, agreeably to the
laws of the state, and have been so used, possessed, and en-
joyed as a public highway.

The fourth breach to which the demurrer is taken, is
founded on another covenant in the same deed, for quiet
enjoyment, and the breach is the same, as upon the other
covenants, the existence of the highway. The motion in
arrest of judgment is founded on this, that a *feme covert* can-
not be sued on a covenant contained in a deed, inasmuch
as she is incapable, during coverture, to bind herself, by
deed, to respond in damages.

The demurrer is well taken. It has been repeatedly de-
cided in this court, that the covenant for quiet enjoyment
extends to the possession only, and not to the title, and is
broken only by an entry and expulsion from, or some actual
disturbance in the possession. (3 *Johns. Rep.* 471. 5
*Johns. Rep.* 120.)

The statute authorizing and making valid a conveyance of
land by a *feme covert*, who shall be duly examined private-
ly and apart from her husband, before some proper officer,
and who shall, on such examination, acknowledge that she
executed such deed freely, without any fear or compulsion
of her husband, alters the common law no further than
merely to enable the *feme covert* to convey her interest in
the land intended to be conveyed; it is, in that respect,
a substitute for levying a fine; but beyond that, and as

regards collateral covenants, the rule of the common law
prevails, and a *feme covert* is not bound by such covenants.

The pincipal question relates to the supposed breaches of
the covenants, that the defendants were lawful owners of
the whole tract, including the road, that they were seised,
&c. and had full power to convey. &c.

It must strike the mind with surprise, that a person who
purchases a farm, through which a public road runs at the
time of purchase, and had so run long before, who must be
presumed to have known of the existence of the road, and
who chooses to have it included in his purchase, shall turn
round on his grantor, and complain that the general cove-
nants in the deed have been broken, by the existence of
what he saw when he purchased, and what must have en-
hanced the value of the farm. It is hazarding little to say,
that such an attempt is unjust and inequitable, and contra-
ry to the universal understanding of both vendors and pur-
chasers. If it could succeed, a flood-gate of litigation
would be opened, and for many years to come, this kind of
action would abound. These are serious considerations,
and this court ought, if it can, consistently with law, to
check the attempt in the bud.

We have, after the most mature consideration, in the
case of *Jackson, ex dem. Yates and others,* v. *Hathaway,** de-
cided, that the existence of a road through a person's land
was a mere easement; that his fee and title to it, subject to
the easement, existed in full vigour, and that on the disuse
of the road, he had a right to maintain an ejectment to reco-
ver possession. This decision then establishes, that the
owner of the soil is the lawful owner; that he is seised, and has
power to convey. This being so, the covenants contained
in the deed under consideration are not broken.

* Ante, p. 447.

The case of *Kellogg* v. *Ingersoll,* (2 *Mass. Rep.*)(a) has
been cited, to show that the existence of a town road, is
a breach of a covenant against incumbrances. The first an-
swer to that case is, that the plaintiff here counts on no such
covenant, and the second is, that we should choose to con-

(a) Vide *Peck* v. *Smith,* 1 *Day's Connec. Rep.* 103.

NEW-YORK,
October, 1818.

sider the point further, before we assented to the doctrine of that case.

If the plaintiff had a right to recover, probably, we would allow him to enter a *noli prosequi,* as against the wife, and take judgment against the husband; but believing the plaintiff not entitled to recover, the defendants must have judgment.

Judgment for the defendants.