# LUCRETIA A. BEACH

*v.*

# W. Y. MILLER.

1. MARRIED WOMAN—*of her right to sue in her own name, under the act of* 1861. Since the act of 1861, securing to married women the enjoyment of their separate property, the husband's right to the curtesy in the land of his wife is contingent, and does not vest in the husband until the death of his wife; and, until it so vests, the husband has no present interest for which he can bring an action in his own name, but the wife may, under the act of 1861, maintain an action in her own name when her separate property has been injured, or her rights thereto have been affected.

2. So, where land was conveyed to the wife, since the passage of the act of 1861, she may maintain an action in her own name for a breach of covenants in the deed, without joining her husband.

3. INCUMBRANCE—*what constitutes—of a right of way.* Where the owner of a tract of land had conveyed to a railroad company a right of way over the same, upon which the company had built and were operating their road, and subsequently thereto such owner conveys the same land to another, by deed purporting to pass the fee to the entire tract, without any reservation in respect to such right of way, the easement so held by the railroad company is an incumbrance upon the land, and its existence constitutes a breach of a covenant against incumbrances contained in the deed, for which the covenantee may maintain his action.

4. Nor is it a release or discharge of the covenant, to say that both parties knew that a railroad was being operated, which run through the land, and that such railroad company owned and was in possession of a certain strip as their right of way, and that to that extent the covenant in the deed was not true, or that it would not be performed when it was made.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

The opinion presents the facts fully.

Mr. H. N. KEIGHTLY and Messrs. WILLIAMS & CLARK, for the plaintiff in error.

Where a party conveys land, through which a railroad runs, with covenants of warranty of title in fee simple, free from all incumbrances, such right of way is an incumbrance upon the fee, and constitutes a breach of the covenant against incumbrances. 2 Washburn, p. 706; *Barlow* v. *McKinley*, 24 Iowa Reports.

A covenant to maintain a division fence is an incumbrance. *Kellogg* v. *Robinson*, 6 Vermont 627.

This is not a parallel case with one where a public road runs across the land, though even in such case very respectable courts have held the warrantor liable. Such is the case of *Kellogg* v. *Ingersoll*, 2 Mass. p. 97, where PARSONS, C. J., delivered the opinion; and Rawle on Covenants, p. 118, says that the current of authority has set strongly in favor of the ruling in *Kellogg* v. *Ingersoll*, and that in all the New England States it has been settled that a public highway does constitute at law a breach of the covenant against incumbrances. *Butler* v. *Gale*, 1 Williams' Vt. 742; *Paints* v. *Whitney*, 3 Gray's Mass. 576; *Hubbard* v. *Norton*, 10 Conn. 431.

Mr. A. M. CRAIG, for the defendant in error.

It is not a breach of covenant to include, in a conveyance of land, a part which was occupied and used as a public highway; the seizin and right to convey remains in the owner of the land on which the highway is. *Whitebeck* v. *Cook et ux.* 15 Johnson 482.

If one should convey land, and reserve from the operation of his deed so much of the land as was then occupied by a right of way, such land would, upon an abandonment of the right of way, revert to the grantor, and such reversionary interest was a right that could be conveyed, and might be included in the conveyance. *Yates* v. *Hathaway*, 15 Johns. 452.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of covenant, brought by plaintiff in error, in the Knox Circuit Court, against defendant in error, to recover damages claimed to have been sustained by reason of an alleged breach of covenants contained in a deed, by which the latter conveyed to the former the east half of the north-east quarter of section 35, in township 11 north, of range 2 east, except four acres in the south-east corner, south of "Middle Prairie road." The covenant contained in the deed, and upon which this action is founded, is this:

"And the said party of the first part, for himself and his heirs, executors and administrators, does hereby covenant to and with the said party of the second party, her heirs, executors, administrators and assigns, that he is well seized of the premises above described, as of a good and indefeasible estate of inheritance in fee simple, and has good right to sell and convey the same in manner and form aforesaid; that the above described premises are free from all incumbrances, and that the above described premises, in the quiet and peaceable possession of the said party of the second part, her heirs or assigns, against the claims of all persons whomsoever, he will forever warrant and defend."

Breaches are assigned on each of these covenants, in the usual form. A large number of pleas were filed, and issues joined on a part of them, and demurrers sustained to the others, and a trial was had before the court and a jury, resulting in a verdict and judgment in favor of defendant.

On the trial below, it appeared that the defendant in error, on the 27th day of September, 1855, conveyed the right of way across the land described in the deed sued upon, to the Peoria & Oquawka Railroad Company. The consideration mentioned is one hundred dollars, but the width of the right of way is not mentioned, nor is it located by description in the

deed.   But the evidence shows that the road is constructed across this land and is in use by the company.   It also appears that the company claims one hundred feet in width and eighty-one and one-half rods in length across the land.   It also appears that the railroad was in the use and occupancy of this strip of land at the time plaintiff purchased, and that he was aware of the fact, but nothing seems to have been said in reference to it, at the time or previous to the sale.   Plaintiff in error claims that this is such an incumbrance as creates a breach of the covenant against incumbrances, but defendant insists that it is not, and that the action cannot therefore be maintained. There is nothing which shows that there was any reservation of this right of way from the operation of defendant's deed. He conveyed the tract as a whole, except the four acres, which does not apply to this right of way.   The deed, by its terms, conveyed all of the lands embraced within the lines of the description, except the four acres it reserved, and this strip passed as effectually by the conveyance as any other three acres in the tract.   And the fee to this strip no doubt passed to and vested in plaintiff as did the balance of the land embraced in the deed.   The conveyance to the railroad only purports to convey the right of way and not the fee to the land.   Even if it was capable of taking the fee, the deed does not purport to convey it.

The husband's right to the curtesy is contingent, and until it vests he has no present interest in the land.   It does not vest in the husband until the death of the wife; and until he has a present interest he has no right to sue.   In this case, the land belongs to the wife, and she may, as repeatedly held by this court, maintain an action in her own name when her property has been injured or her rights thereto have been affected. The suit was therefore properly brought, as the covenant was to her and the ownership in her.

Was this right of way, then, an incumbrance upon the land? We think it was.   It is true, the authorities on this question are not harmonious, but we think the current holds

14°—51ST ILL.

such an easement to be an incumbrance, and that they are supported by the better reason. In the case of *Prescott v. Trueman*, 4 Mass. 627, Chief Justice PARSONS, in delivering the opinion of the court, says: "Thus the right to an easement of any kind in the land, is an incumbrance. So is a mortgage. So, also, is a claim of dower, which may partly defeat the plaintiff's title, by taking a freehold in one-third of it." And to the same effect are the cases of *Mitchell* v. *Warner*, 5 Conn. 497, and *Harlow* v. *Thomas*, 15 Pick. 68, where it is held that a private way over the land is an incumbrance. A right to go upon the land to clear an artificial water course, has been so held, (*Prescott* v. *Williams*, 5 Metcalf 433,) and a right to cut timber on land was held to be an incumbrance. *Catchcart* v. *Bowman*, 5 Barr 319.

In the case of *Kellogg* v. *Ingersoll*, 2 Mass. 97, Chief Justice PARSONS said, in delivering the opinion of the court, that " the court are well satisfied that the road, as there described, is an incumbrance on the land sold. It is a legal obstruction to the purchaser to exercise that dominion over the land, to which the lawful owner is entitled. An incumbrance of this nature may be a great damage to the purchaser, or the damage may be very inconsiderable, or merely nominal. The amount of damages is a proper subject of consideration for the jury, who may assess them, but it cannot affect the question whether a public town road is an incumbrance of the land over which it is laid."

Where a purchaser acquires the fee to land free and unincumbered, he obtains the absolute dominion over it, and may use and enjoy it by appropriating it to any legitimate use he may choose. But where it is subject to easements it is not free, nor can he enjoy it to its full extent. When incumbered by a private or public way passing over it, he does not have absolute dominion over it as he would were it not under such servitude. With the easement of a private way, the person holding it can use and enjoy it in his own right for the purposes of the way, and the owner of the fee can not control its

use. So of a public highway, the public enjoy the right to its unobstructed use, in defiance of the owner of the fee. Where property is free from such servitudes, the owner may use and appropriate every part of it to his individual and exclusive use, but the portion occupied by such easements is not in any sense under his control in its use and enjoyment, except it be consistent with the enjoyment, and without obstructing those having the easement in its enjoyment.

When a purchaser obtains title by deed without covenants, he of course takes it subject to all defects and incumbrances it may be under at the time of the conveyance. But where a person insists upon and obtains covenants for title, he has the right, when obtained, to rely upon them and enforce their performance or recover damages for their breach. The vendor is under no compulsion to make covenants when he sells land, but having done so he must keep them or respond in damages for injury sustained by their breach. Nor is it a release or discharge of the covenant to say, that both parties knew it was not true or that it would not be performed when it was made. A person may warrant an article to be sound when both buyer and seller know it is unsound ; so the seller may warrant the quantity or quality of an article he sells when both parties know that it is not of the quality or does not contain the quantity warranted. In fact, the reason the purchaser insists upon covenants for title, or a warranty of quality or quantity, is because he either knows or fears that the title is not good or that the article lacks in quantity or quality. If he were perfectly assured on those questions, he would seldom be tenacious in obtaining a covenant or warranty.

If, then, a private or public way is an incumbrance, and we have seen that it is, it follows that, in principle, a turnpike or railway, legally located and running over a piece of land, upon the same ground and for the same reasons must he held to be an incumbrance, as it in an equal or greater degree obstructs or incumbers the free use of the land. And a person selling land thus incumbered, and covenanting that it is

not, must be held to perform his covenant by its removal, or respond in damages.

We are aware that in Pennsylvania a different rule obtains. But in that State the government and subsequent vendors allow in measurement of land six per cent. of the quantity, which the public have a right to appropriate for highways without compensation to the owner.

Such being the case, we should not expect to find their courts holding that a public highway was such an incumbrance as would amount to a breach of the covenant against incumbrances. It is true, the court does not place the decision upon this ground, but it no doubt had its weight with the court.

And it is true, that in New York, in the case of *Whitebeck* v. *Cook*, 15 Johns. R. 49, SPENCER, Justice, in delivering the opinion of the court, expressed a strong doubt whether a public road was such an incumbrance.

In Maine, New Hampshire, Connecticut, Vermont and Iowa, their courts seem to have followed the case of *Kellogg* v. *Ingersoll*, and are opposed to the doctrine of the Pennsylvania courts.

Although the fee may not have passed by the deed in this case, still the right of user was granted, and that being vested in the railroad company, and they having its exclusive use, it must be held to be an incumbrance, within the covenants of this deed, and being an incumbrance, it operated as a breach of the covenant, and gives the right of recovery.

But the court below, having acted upon rules not in accordance with the views herein expressed, the judgment of that court must be reversed and the cause remanded.

*Judgment reversed.*