Burk *et al. v.* Hill *et ux.*

BURK ET AL. *v.* HILL ET UX.

VENDOR AND PURCHASER.—*Covenant.—Breach of.—Highway.—Railroad.*—A tract of land was conveyed with covenants of title and against incumbrances. At the time of the execution of the deed, the land was subject to the right of way of a railroad and of a public street.
*Held,* that these were easements on the land, and their existence was a breach of the warranty against incumbrances.
SAME.—*Incumbrances.—Notice to Purchaser.—Effect of.*—A grantee can recover upon a covenant against incumbrances, although he had full knowledge of the existence of the incumbrance at the time he accepted the covenant.

From the Montgomery Circuit Court.

*P. S. Kennedy* and *W. T. Brush,* for appellants.
*J. M. Cowan* and *M. D. White,* for appellees.

BUSKIRK, J.—The sole question presented by the record is, whether the court erred in sustaining a demurrer to the complaint, which is as follows:

"Matilda Burk and Mary E. Thomas, plaintiffs, complain of John L. Hill and Mary E. Hill, defendants, and say, that said defendants on the 25th day of February, 1871, by their indenture of that date duly acknowledged, a copy of which indenture and acknowledgment is filed herewith, marked 'A,' conveyed to said plaintiffs the following described lands in Montgomery county, Indiana, to wit: Beginning at a point on the west line of J. A. Powers' out-lot numbered twenty-

four, as designated on the plat of out-lots laid out by John Wilson in the town of Crawfordsville, sixteen rods south from the north-west corner of said lot numbered twenty-four, at a stake, and running thence west one hundred and eighteen feet to the west line of the lot at present owned by Myrick Smith; thence south eight rods to a stake; thence east one hundred and eighteen feet to the west line of said lot numbered twenty-four, and thence north to the place of beginning; and said plaintiffs say, that said John L. Hill and Mary E. Hill in said indenture covenanted and agreed with the said plaintiffs that they, said defendants, were lawfully seized of the premises hereinbefore described, and had good right to convey the same, and that said premises were free from all incumbrances, and that they would warrant and defend the same against all lawful claims whatsoever; and plaintiffs further say, that at the time of said conveyance to them by said indenture, said premises were not free from all incumbrances, but, on the contrary, the south half of said parcel or tract of land was occupied by and incumbered with Franklin street, in the city of Crawfordsville, and also by the right of way of the Indianapolis, Bloomington, and Western Railway, which were and are permanent easements on said south half of said tract or parcel of land; by reason of which plaintiffs say they have been damaged in the sum of one thousand dollars, for which they demand judgment."

The question presented for decision is, whether the existence of the easements mentioned in the complaint constituted a breach of the covenant against incumbrances. It was held, in *Medler* v. *Hiatt*, 8 Ind. 171, that incumbrances on real estate conveyed by a deed containing a covenant against incumbrances are not presumed to be excluded from the operation of the covenant because their existence was known to the vendee at the time of the execution of the deed; and to produce such exclusion, there must be, in addition to such notice, something in the transaction of sale showing that the parties did not intend that the incumbrance should be within the covenant.

The court also held, that the existence of a mill-dam, with

the right to overflow the lands, was an incumbrance, and a breach of the covenant against incumbrances, although it was known to the grantee at the time the deed was made.

The case of *Beach* v. *Miller*, 51 Ill. 206, is directly in point. That was an action upon the covenant in a warranty deed against incumbrances. The incumbrance complained of was the right of way to a railroad over and across the lands conveyed. We make an extended quotation from the opinion of the court. The court say:

"Was this right of way, then, an incumbrance upon the land? We think it was. It is true, the authorities on this question are not harmonious, but we think the current holds such an easement to be an incumbrance, and that they are supported by the better reason.

"In the case of *Prescott* v. *Trueman*, 4 Mass. 627, Chief Justice PARSONS, in delivering the opinion of the court, says: 'Thus the right to an easement of any kind in the land, is an incumbrance. So is a mortgage. So, also, is a claim of dower, which may partly defeat the plaintiff's title, by taking a freehold in one-third of it.' And to the same effect are the cases of *Mitchell* v. *Warner*, 5 Conn. 497, and *Harlow* v. *Thomas*, 15 Pick. 68, where it is held that a private way over the land is an incumbrance. A right to go upon the land to clear an artificial water-course has been so held (*Prescott* v. *Williams*, 5 Metcalf, 433), and a right to cut timber on land was held to be an incumbrance. *Cathcart* v. *Bowman*, 5 Barr, 319.

"In the case of *Kellogg* v. *Ingersoll*, 2 Mass. 97, Chief Justice PARSONS said, in delivering the opinion of the court, that 'the court are well satisfied that the road, as there described, is an incumbrance on the land sold. It is a legal obstruction to the purchaser to exercise that dominion over the land, to which the lawful owner is entitled. An incumbrance of this nature may be a great damage to the purchaser, or the damage may be very inconsiderable, or merely nominal. The amount of damage is a proper subject of consideration for the jury, who may assess them, but it cannot affect the question whether a public town road is an incumbrance of the land over which it is laid.'

" Where a purchaser acquires the fee to land free and unincumbered, he obtains the absolute dominion over it, and may use and enjoy it by appropriating it to any legitimate use he may choose. But where it is subject to easements it is not free, nor can he enjoy it to its full extent. When incumbered by a private or public way passing over it, he does not have absolute dominion over it as he would were it not under such servitude. With the easement of a private way, the person holding it can use and enjoy it in his own right for the purposes of the way, and the owner of the fee cannot control its use. So of a public highway, the public enjoy the right to its unobstructed use, in defiance of the owner of the fee.

" Where property is free from such servitudes, the owner may use and appropriate every part of it to his individual and exclusive use, but the portion occupied by such easements is not in any sense under his control in its use and enjoyment, except it be consistent with the enjoyment, and without obstructing those having the easement in its enjoyment.

" When a purchaser obtains title by deed without covenants, he of course takes it subject to all defects and incumbrances it may be under at the time of the conveyance. But where a person insists upon and obtains covenants for title, he has the right, when obtained, to rely upon them and enforce their performance or recover damages for their breach. The vendor is under no compulsion to make covenants when he sells land, but having done so he must keep them or respond in damages for injury sustained by their breach.

" Nor is it a release or discharge of the covenant to say, that both parties knew it was not true or that it would not be performed when it was made. A person may warrant an article to be sound when both buyer and seller know it is unsound; so the seller may warrant the quantity or quality of an article he sells when both parties know that it is not of the quality or does not contain the quantity warranted. In fact, the reason the person insists upon covenants for title, or a warranty of quality or quantity, is because he either knows or fears that the title is not good or that the

article lacks in quantity or quality. If he were perfectly assured on those questions, he would seldom be tenacious in obtaining a covenant or warranty.

"If, then, a private or public way is an incumbrance, and we have seen that it is, it follows that, in principle, a turnpike or railway, legally located and running over a piece of land, upon the same ground and for the same reasons must be held to be an incumbrance, as it in an equal or greater degree obstructs or incumbers the free use of the land. And a person selling land thus incumbered, and covenanting that it is not, must be held to perform his covenant by its removal, or respond in damages.

"We are aware that in Pennsylvania a different rule obtains. But in that State the government and subsequent vendors allow in measurement of land six per cent. of the quantity, which the public have a right to appropriate for highways without compensation to the owner.

"Such being the case, we should not expect to find their courts holding that a public highway was such an incumbrance as would amount to a breach of the covenant against incumbrances. It is true, the court does not place the decision upon this ground, but it no doubt had its weight with the court.

"And it is true, that in New York, in the case of *Whitbeck* v. *Cook,* 15 Johns. 483, SPENCER, J., in delivering the opinion of the court, expressed a strong doubt whether a public road was such an incumbrance.

"In Maine, New Hampshire, Connecticut, Vermont and Iowa, their courts seem to have followed the case of *Kellogg* v. *Ingersoll, supra,* and are opposed to the doctrine of the Pennsylvania courts.

"Although the fee may not have passed by the deed in this case, still the right of user was granted, and that being vested in the railroad company, and they having its exclusive use, it must be held to be an incumbrance, within the covenants of the deed, and being an incumbrance, it operated as a breach of the covenant, and gives the right of recovery."

A public highway is held to be an incumbrance in all the

New England states. Rawle Cov. Title, 115–120, 4th ed., and authorities cited in the notes.

As to the right of way for a railroad being an incumbrance, see opinion of REDFIELD, C. J., in *Butler* v. *Gale*, 27 Vt. 739.

It was held in *Van Wagner* v. *Van Nostrand*, 19 Iowa, 422, that a party can recover upon a covenant against incumbrances, when he had full knowledge of the existence of the incumbrance at the time he accepted the covenant.

It was held, in *Barlow* v. *McKinley*, 24 Iowa, 69, that a right of way for a railroad was an incumbrance, and an incumbrance was defined to be a right in a third person in the land in question to the diminution of the value of the land, though consistent with the passing of the fee by the deed of conveyance.

As to covenants against incumbrances, see 3 Washb. Real Prop. 391 to 396, 3d ed.

We think the court erred in sustaining the demurrer to the complaint.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion.

Opinion filed May term, 1874.

## ON PETITION FOR A REHEARING.

BUSKIRK, C. J.—A very earnest and elaborate petition for a rehearing has been filed in this case. It is insisted that our ruling is in direct conflict with *Scribner* v. *Holmes*, 16 Ind. 142. That case does not seem to have received much consideration. The opinion is as follows:

"PER CURIAM.—This case was tried on May 16th, on which day a motion for a new trial was overruled, exception taken, and leave given to file a bill of exceptions in thirty days. The bill was not filed until July 6th. That was too late. A legal public highway, in actual use, is not embraced in a general

covenant against incumbrances. It would be unreasonable that it should be. See Rawle Cov. 141, *et seq.*" The court. having held in that case, that the bill of exceptions did not constitute a part of the record, there was no question presented for decision, and all that was said in reference to what incumbrances were embraced in the covenants of a deed was *obiter.* Although what was said was in direct conflict with the well considered case of *Medler* v. *Hiatt,* 8 Ind. 171, no reference was made to such case. Besides, the authority cited does not sustain the ruling.

Rawle, after referring to the cases of *Whitbeck* v. *Cook,* 15 Johns. 483, and *Peterson* v. *Arthurs,* 9 Watts, 152, says: "But whatever weight may be due to these decisions, it cannot be denied that the current of authority has set strongly the other way, and the ruling in *Kellogg* v. *Ingersoll,* 2 Mass. 101, has been approved and sustained in nearly all the New England States, and it appears to be definitely settled there that a public highway does constitute at law a breach of this covenant. And in a very recent case in Illinois, these decisions have been approved and applied to the case where the incumbrance complained of was the right granted to a railway company to construct their road across the land conveyed."

Counsel also refer us to several cases in Pennsylvania in conflict with our ruling. In the original opinion, it was stated that the ruling had been uniform in that State in the opposite direction, and the reason of such ruling was stated.

In *Kutz* v. *McCune,* 22 Wis. 628, the rule as it exists in Pennsylvania is approved and applied.

On the other hand, our ruling is supported by many adjudged cases which were not cited in the original opinion, and which we now cite: *Herrick* v. *Moore,* 19 Maine, 313 ; *Haynes* v. *Young,* 36 Maine, 557 ; *Lamb* v. *Danforth,* 59 Maine, 322 ; Same Case, 8 Am. Rep. 426 ; *Pritchard* v. *Atkinson,* 3 N. H. 335 ; *Butler* v. *Gale,* 27 Vt. 739 ; *Clark* v. *Estate of Conroe,* 38 Vt. 469 ; *Parish* v. *Whitney,* 3 Gray, 516 ; *Harlow* v. *Thomas,* 15 Pick. 66 ; *Sprague* v. *Baker,* 17 Mass. 586 ; *Giles* v. *Dugro,*

1 Duer, 331; *Hubbard* v. *Norton,* 10 Conn. 422; *Kellogg* v. *Malin,* 50 Mo. 496; Same Case, 11 Am. Rep. 426.

In the last case cited, the court, after referring to the rule as it exists in the New England States, says: "Where the question has come up, the same doctrine has been approved in the Western States." The court then reviews the cases in Illinois and Iowa, which are cited in the original opinion.

Again, it is said: "All the authorities concur in holding that an easement constitutes an encumbrance. If a person acquires the fee to land free and unencumbered, he obtains the exclusive and absolute dominion over it, and may use, enjoy and appropriate it to any purpose he may see fit. But if it is subject to an easement or an encumbrance it is not free, nor can he enjoy it to the fullest extent. If a public highway or a railroad track runs over it, he cannot have its unobstructed enjoyment, for it is used by others in defiance of his will. When a purchaser obtains title by deed without covenants, he of course takes it subject to all defects and encumbrances it may be under at the time of the conveyance. But if he insist upon and obtain covenants for title, he has the right, when obtained, to rely upon them and enforce their performance, or recover damages for their breach. The vendor is not compelled to make covenants when he sells land; but, having done so, he must keep them, or respond in damages for injuries sustained by their breach. Nor is it a relief or discharge of the covenant to say that both parties knew it was not true, or that it would not be performed when made. A person may warrant an article to be sound when both buyer and seller know it to be unsound; so the seller may warrant the quantity and quality of an article he sells, when both parties know it is not of the quantity or quality warranted. The usual reason why a purchaser insists upon covenants for titles or a warranty of quality or quantity, is because he fears that the title is not good, or that the article lacks either in quantity or quality."

Then, as a highway or railroad located and running over one's land is an incumbrance, and to a greater or less degree obstructs and incumbers the free use and enjoyment of the land,

it follows that a person selling land thus incumbered, and covenanting that it is not, must be held to perform his covenants by its removal, or respond in damages. The seller may protect himself by excepting such incumbrances from the operation of the covenants of his deed.

We think our judgment is sustained by the weight and current of modern cases, and is supported by the better reason.

The petition is overruled.