## Patterson *against* Arthurs.

A public road, upon lots of ground which the owner had covenanted to sell and convey, is not such an incumbrance as will entitle the vendee to default from the amount of the purchase-money, in an action of covenant upon the agreement of sale.

ERROR to the district court of *Allegheny* county.

William Arthurs against John Patterson.   Covenant.

By the agreement upon which this action was founded, the plaintiff covenanted to convey to the defendant two lots of ground, Nos. 14 and 15, of Irwin's Plan of Lots, in Pitt township, now part of the city of Pittsburgh, in fee simple, clear of incumbrances, in consideration of 1000 dollars, payable in instalments. By the plan referred to the lots were described as being 25 feet each in width and 109 feet in depth.   The hand-money had been paid, and this action was brought for the first instalment.   The defence set up was, that a public road, which had been in use for thirty years, passed diagonally over the ends of the lots, occupying about an average of twenty feet of the depth of each lot; which the defendant contended was such an incumbrance as would relieve him from the payment of part of the purchase-money.

Originally Mr O'Hana and Mr Irwin were the owners of adjoining lands, and the road in question was laid out upon their partition line.   Mr Denny, who succeeded to Mr O'Hana's title, and the descendants of Mr Irwin laid out their land into lots, with a 50 feet street between them.   This street occupied but a part of the road referred to; and the Irwin plan of lots embraced that part of it which the street did not.   This was the alleged incumbrance. After the sale of the lots, an application was made to the quarter sessions to vacate the road, upon the ground that it had been ren-

[Patterson v. Arthurs.]

dered useless by the fifty feet street; but the viewers reported against the application.

*Grier*, president, instructed the jury, that the public road was not such an incumbrance as would entitle the vendee to defend himself against the payment of the purchase-money, and that they should find a verdict for the plaintiff.

*Darrah* and *Biddle*, for plaintiff in error, cited 2 *Mass. Rep.* 97; 15 *Serg. & Rawle* 54; 7 *Watts* 110; 3 *Whart.* 365; 12 *Serg. & Rawle* 33; 14 *Vin. Ab. tit. Incumbrance*, B; 4 *Mass. Rep.* 629; 6 *Mass. Rep.* 252; 15 *Johns.* 488; 1 *Serg. & Rawle* 447; 13 *Serg. & Rawle* 386; 2 *Penns. Rep.* 530.

*Shayler, contra*, whom the court declined to hear.

The opinion of the court was delivered by

KENNEDY, J.—This is an action of covenant, and was brought in the court below by the defendant in error against the plaintiff, to recover part of the purchase-money of two lots of ground, situate in Pitt township, and marked Nos. 14 and 15, in the plan of lots laid out by the heirs of John and Henry Irwin, which, by articles of agreement made between the parties, and executed by them under their respective hands and seals, the defendant in error agreed to sell to the plaintiff; in consideration whereof the latter covenanted to pay the former the price therein mentioned, by instalments, as set forth in the articles; and as soon as the whole of the purchase-money should be so paid, the defendant in error covenanted thereby, at the expense of the plaintiff in error, to execute and deliver to him a good and sufficient deed of conveyance for the lots in fee simple, *clear of all incumbrances*. The lots contain, in the aggregate, 5244 square feet. At one end they are bounded by a street of fifty feet in width, where a public highway or road, which had been laid out, opened and used long before the laying out of the lots or the sale of them, covered 1217 square feet of the lots. The plaintiff in error, on the trial in the court below, alleged that this public highway was an *incumbrance*, which according to the legal interpretation of the articles of agreement between them, the defendant in error was bound to remove, but not having done so, he had a right to have a deduction made by the jury from the price he was to pay for the lots, as a compensation for the loss which he must sustain by reason thereof. The learned judge, however, of the district court entertained a different opinion, and accordingly instructed the jury, that the plaintiff in error was not entitled to such deduction; to which opinion the plaintiff in error excepted; and assigns the same for error here.

This is perhaps the first instance in which it has been claimed, that a covenant on the part of the vendor, contained in articles of agreement for the sale of real estate, to convey the same *clear of*

[Patterson v. Arthurs.]

*all incumbrances,* or in a deed of conveyance, that the real estate thereby conveyed was *clear of all incumbrances,* embraced a public road or highway, in being, at the time, and previously, laid out, opened, and used, through or over the estate. Believing that it has never entered the minds of the parties, when selling and buying lands in this state, to conceive that a covenant against incumbrances extended to public roads or highways, as such, and that the universal understanding of both sellers and purchasers has been in opposition to it, I am inclined to believe, that every one whose mind has been in any degree conversant with the subject, would be somewhat amazed, if not perfectly astonished, to find by a decision of this court, that he had ever been under such a delusion in this respect. Every contract or covenant is to be construed and carried into effect according to the intention of the parties; which is to be ascertained by giving to the terms and language of the contract the same meaning that men generally affix thereto; and the sense in which such terms and language are received and understood ·by men generally in making such contracts, ought to govern in manifesting the intention of the parties thereto. According to this rule of construction, we are convinced beyond all possible doubt, that there is no ground for holding the public highway on the lots in question to be an incumbrance within the meaning of the parties as manifested by the terms of their contract. Although a public highway no doubt is, in many instances, an injury instead of a benefit to the holder or owner of the land upon which it is located, and therefore tends to lessen its value in the estimation of a purchaser; yet it is fair to presume that every purchaser, before he closes his contract for his purchase of land, has seen it and made himself acquainted with its locality and the state and condition of it; and consequently, if there be a public road or highway open and in use upon it, he must be taken to have seen it, and to have fixed in his own mind the price that he was willing to give for the land, with a reference to the road, either making the price less or more, as he conceived the road to be injurious or advantageous to the occupation and enjoyment of the land. The presumption of the purchaser's having seen the lots in this case, before he bought, is not repelled by a reference in the contract to a plan of the lots as laid out by the heirs of John and Henry Irwin, in Pitt township; because this or something of the kind would have been proper and requisite, though he had seen and viewed the lots often before. It was necessary, in order to fix the location and extent of the lots, as is frequently done, for a like purpose, in selling and conveying a tract of land, by a reference to a particular survey that has been made of it. But even if it were so, that such reference did rebut the presumption of knowledge of the highway on the part of the purchaser, still the existence of the highway could not be regarded as an incumbrance that came within the meaning of the parties, when they used the term " in-

[Patterson v. Arthurs.]

cumbrances" in their contract; and hence an action of covenant could not be sustained on account of it for a breach of the covenant against incumbrances. It may be, however, that if a person purchase land, without having seen it, upon the representation of the vendor, where its value is materially lessened by a public highway being located upon it, which circumstance is concealed or not made known by the seller to the purchaser, the latter might obtain redress by an action on the case in the nature of a deceit; or, in an action brought against him for the purchase-money, might have compensation made by a deduction therefrom. But it will lie upon him, before he can claim compensation on such account, to remove, by the proof of circumstances at least, the presumption that he knew of the existence of the highway, at the time he bought, and that the seller concealed it from, or did not disclose it to, him.

The case of Kellogg *v.* Ingersol, 2 *Mass. Rep.* 97, has, been cited and pressed upon us by the counsel for the plaintiff in error; in which it was decided, and certainly by a court too of the first respectability, that a public town-way over land conveyed, was an incumbrance within the meaning of a covenant that the land was free from all incumbrances. It is most likely, however, that this adjudication of the supreme court of Massachusetts was made in conformity to what was considered by the court, on the subject, the general understanding of the citizens of the state; or at least, that it was not in direct opposition to it. But here it is impossible for us, even to imagine, that a similar decision of the question would be in accordance with the general understanding of the community in this state; on the contrary there is reason to believe that it would be shocked by it. The view which we have taken of this question would seem to have presented itself to the mind of Mr Justice Spencer, in delivering the opinion of the court, in Whitbeck *v.* Cook, 15 *Johns. Rep.* 491. We therefore think that the direction of the learned judge, of the district court, to the jury on this point was correct.

Judgment affirmed.