## Ake *versus* Mason.

1. Where a plan for laying out a street is confirmed by the proper court, the public record of such proceeding is notice of the location of the street to purchasers of land which will be crossed by it when opened.

2. A vendee of land through which the opening of a street has been planned as aforesaid, and the plan confirmed, cannot, upon the actual opening and laying out thereof, recover damages from his vendor upon any covenant implied in the words "grant, bargain and sell," or on a covenant of general warranty.

3. Where, in a conveyance of land, the description is by adjoiners as well as by courses and distances which have not been actually run and marked on the ground, in case of a discrepancy, the description by adjoiners will prevail.

4. The vendee of land brought covenant against his vendor, alleging that the conveyance to him covered a certain alley which had once been opened, which at the time of plaintiff's purchase had been fenced in, and

which subsequently had been opened.   He failed to show by what authority, public or private, the alley had been originally laid out or opened.   *Held*, that the evidence was too vague to give to the plaintiff any cause of action.

May 22d 1882.   Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY, STERRETT and GREEN, JJ.   PAXSON, J., absent.

ERROR to the Court of Common Pleas of *Blair county* : of January Term 1882, No. 101.

Covenant, by Adolphus Ake, against C. C. Mason, to recover damages for an alleged breach of a covenant contained in a deed from defendant to plaintiff.

. On the trial, before DEAN, P. J., the following facts appeared : By deed dated May 21st 1873, Mason conveyed to Ake a lot of ground situate on the northeast side of Katharine (now Eleventh) Street, in addition A. in the City of Altoona, consisting of four contiguous lots, numbered 4, 5, 6 and 7, in Block No. 6, in the general plan of the city, containing, in front, or breadth, on Katharine Street 200 feet, and in " depth 118 feet, more or less, to line of property.   Bounded northeastward by division line of original borough ; southeastward by Lot No. 8 in No. 6 ; southwestward by Katharine Street ; and northwestward by Lot No. 3 in Block 6 of original plan of Altoona."   The deed contained the usual words " grant, bargain and sell," and a clause of general warranty.   The plaintiff paid the purchase-money, $2500, and took possession.   Subsequently, he discovered that in 1872 a public street known as Fourth Avenue had been laid out, and confirmed absolutely by the Court of Quarter Sessions, crossing the northern portion of his lot.   This avenue, which was 40 feet wide, extended the entire length of the lot, 118 feet, occupying about 5000 square feet of the ground which he had purchased. · Plaintiff had no actual notice of these proceedings, which took place while the defendant held title to the ground ; but several years after he had taken possession, under his convey-ance, the avenue was opened by virtue of a resolution of coun-cils, in accordance with the order of court.

. At the time of the purchase, the plaintiff and defendant went to the lot together, and the latter pointed out a tract inclosed by a fence as the lot he would sell.   It appeared afterward that the lines of the lot thus designated fell short of the length set out in the deed.   There was also some evidence that there was an alley 15 feet wide and 200 feet long in the rear of the lot conveyed, laid out by authority of law, but fenced in by the defendant during his ownership of the property and included in his conveyance to the plaintiff, who alleged that he had no knowledge of it until after his purchase, when it was opened.

· After the opening of the avenue by the authorities, and the removal of the plaintiff's fence, he brought this action, alleging ·

[Ake *v.* Mason.]

a breach of the covenant of general warranty contained in the deed, in that he had been evicted from that portion of his land occupied by the avenue and the alley ; and also a breach of the covenant implied by the words "grant, bargain, and sell," on the ground that the avenue and alley were existing encumbrances at the date of the conveyance.

On motion, the court below entered a compulsory nonsuit, which the court in banc subsequently refused to take off. Whereupon the plaintiff took this writ, assigning for error the action of this court.

*A. V. Dively* (with him, *Neff* and *Mervine*), for plaintiff in error.—The avenue was established, by order of court, before the plaintiff purchased the lot, and was opened after he took possession, he having no previous knowledge of its existence. It was an encumbrance, and a breach of the covenant implied by the words "grant, bargain, and sell." These words imply a covenant of seisin as regards defeasibility from acts of the vendor, and a covenant of quiet enjoyment against encumbrances done or suffered by the grantor or those claiming under him : Seitzinger *v.* Weaver, 1 R. 382 ; Funk *v.* Voneida, 11 S. & R. 109. The word "suffered" implies encumbrances not confined to the voluntary acts of the grantor, such as tax assessed on the land : Shaffer *v.* Greer, 6 Norris 370. A public or private highway, or a railroad across land, have been repeatedly held to be such an encumbrance : Kellogg *v.* Ingersoll, 2 Mass. 97 ; Shaffer *v.* Greer, 6 Nor. 370 ; Van Wagner *v.* Van Nostrand, 19 Iowa 422 ; Barlow *v.* McKinley, 24 Iowa 69 ; Beach *v.* Miller, 51 Ill. 206 ; Kellogg *v.* Malin, 50 Mo. 496 ; Lamb *v.* Danforth, 59 Me. 322. The case of Peterson *v.* Arthurs, 9 Watts 152, relied on by the court below, was decided upon its own peculiar circumstances, and, it is submitted, does not rule this case : Note to Rawle on Cov. 118 ; Peters *v.* Grubb, 9 H. 455. Again, there was an actual eviction of plaintiff by the opening of the avenue and the alley, the public thereby acquiring a right inconsistent with the plaintiff's right. This was a breach of the covenant of general warranty contained in the deed.

*Alexander* (with whom was *Herr*), for defendant in error.— The words "grant, bargain and sell," under the act, amount only to a covenant that the grantor has not done any act or created any encumbrance whereby the estate granted by him may be defeated : Cain *v.* Henderson, 2 Binn. 108 ; Dorsey *v.* Jackman, 1 S. & R. 52 ; Whitehill *v.* Gotwalt, 3 P. & W. 313 ; Wash. on Real Prop. 403. An entry on land by authority of the state, in the exercise of its right of eminent domain, carries

[Ake *v.* Mason,]

no legal. title to the land, but is only an easement. It is not an encumbrance, and consequently does not constitute a breach of the covenant of warranty: Dobbins *v.* Brown, 12 Pa. St. 75; Brown v. Corey, 43 Pa. St. 495; Harrisburg R. R. *v.* Peffer, 84 Pa. St. 295; Bailey *v.* Miltenberger, 31 Pa. St. 42; Peterson *v.* Arthurs, 9 Watts 152; Bellinger *v.* Society, 10 Barr 135; Frost *v.* Earnest, 4 Wh. 85.

Mr. Justice MERCUR delivered the opinion of the court, October 4th 1882.

The alleged errors are to the court having ordered and confirmed a compulsory nonsuit. The action is covenant on a deed from defendant to plaintiff, containing the words "grant, bargain and sell." The act of 28th May 1715, Pur. Dig. 472, declares these words "shall be adjudged an express covenant to the grantee, his heirs and assigns, that the grantor was seised of an indefeasible estate in fee simple, freed from encumbrances done or suffered from the grantor . . . as also for quiet enjoyment against the grantor, his heirs and assigns, unless limited by express words contained in such deed." These words are held to create a covenant that the grantor has not done any act or created any encumbrance whereby the estate granted by him may be defeated: Lessees of Gratz *v.* Ewalt, 2 Binn. 95; Whitehill *v.* Gotwalt, 3 P. & W. 303; Dorsey *v.* Jackman, 1 S. & R. 50; Funk *v.* Voneida, 11 Id. 111; Knepper *v.* Kurtz, 8 P. F. Smith 484; Shaffer v. Greer, 6 Norris 370. It extends to and includes a tax for a municipal improvement assessed on the land during the grantor's title: Id. But an entry on land by authority of the state, in the exercise of its right of eminent domain, is not a breach of such a covenant. While the public may enjoy it as an easement, in law, unless otherwise directed by the statute, the fee still remains in the owner. Hence a covenant of warranty "against the grantor and his heirs, and against all and every other person or persons lawfully claiming or to claim," was held, in Dobbins *v.* Brown, 2 Jones 75, not to be broken by the entry and occupancy of the Commonwealth in the exercise of its right of eminent domain. Such entry is without the consent of the owner. It is an inherent right in the Commonwealth, and its exercise cannot be prevented by the owner. His remedy is compensation provided by the state: Id. An action on the covenant will not lie against the vendor: Peterson *v.* Arthurs, 9 Watts 152; Bailey *v.* Miltenberger, 7 Casey 37; Harrisburg & Potomac Railroad Co. *v.* Peffer, 3 Norris 295.

The evidence under which the plaintiff claims to recover is substantially this: The conveyance to him was of a piece of ground situate on the Northeast side of Katharine Street, in Addition A, in the town of Altoona, consisting of four contiguous lots

OF PENNSYLVANIA.

[Ake *v.* Mason.]

in block No. 6 in the general plan of the town, containing, in front, on Katharine Street 200 feet, and in " depth 118, feet more or less, to line of property. Bounded Northeastward by division line of original borough; Southeastward by lot No. 8 in No. 6; Southwestward by Katharine Street, and Northwestward by lot No. 3 in block 6 of original plan of Altoona." His main cause of complaint is, that before he purchased, a public avenue upon and over the northern part of the land conveyed had been laid out and confirmed absolutely by order of court; that he purchased without actual notice thereof; and after he took possession the avenue was opened under and by virtue of a resolution of councils.

Inasmuch, however, as the avenue had been laid out and confirmed by the court, according to law, before he bought, the public record thereof was notice to him of the location, and of its liability to be opened: Bailey *v.* Miltenberger, supra. A resolution of councils directing the opening of a street laid down in the general plan of the town has the same force as an ordinance for that purpose: Sower *v.* City of Philadelphia, 11 Casey 231. Having, then, constructive notice of the location of the avenue when he bought, he cannot, in covenant, recover damages for the opening thereof by the public authorities afterwards.

It is also complained that the lines fell short of the length stated in the deed. The land, however, was also bounded by known monuments on the ground. The lines were not actually run. When they are not run and marked on the ground, the conveyance goes to its calls of adjoiners, whether more or less land is thereby included than would be contained within the distances specified: Younkin *v.* Cowan, 10 Casey 198; Cox *v.* Couch, 8 Barr 147. The plaintiff testifies that the land was enclosed by a fence, designating the lines and boundaries, and he went to the ground and examined it before buying.

The further complaint that the deed covered an alley which had once been opened, and at the time the plaintiff purchased was inclosed within the fence, rests on no solid foundation. It is not shown by what authority, either public or private, the alley was laid out or originally opened. After the plaintiff sold a part of the land, his vendees appear to have opened the alley for their own convenience. All the evidence in relation to the alley is too vague and unsatisfactory to give the plaintiff any cause of action arising therefrom. It follows the learned judge committed no error.

Judgment affirmed.

SHARSWOOD, C. J., and TRUNKEY, J., dissented.