# Richmond.

## TRICE v. KAYTON.

### DECEMBER 8th, 1887.

Absent, Richardson, J.

1. DEEDS—*Covenants—Quiet enjoyment—Highways—Case at bar.*—Lot in N. city was sold and conveyed by metes and bounds with covenants for quiet enjoyment, free from encumbrances. Later, it was ascertained that the house and fence encroached upon the street. City required their removal. Purchaser removed them, and sued grantor for breach of covenants:

HELD:

> Plaintiff entitled to recover. Encroachment of house and fence upon the street, was a hidden fact, not in contemplation when the sale was made.

2. CASES DISTINGUISHED.—*Jordan* v. *Eve*, 31 Gratt., 1, differs from case at bar in that, in the former case, the highway was known to purchaser, and included in the contract.

Error to judgment of corporation court of Norfolk city, rendered October 28th, 1886, in the action for breach of covenants wherein Mrs. Esther Kayton was plaintiff, and Wm. H. H. Trice was defendant. Under instructions of the court the jury returned their verdict for $500 damages for the plaintiff; which verdict the defendant moved the court to set aside, but the court refused and entered judgment according to the verdict. And the defendant excepted, and obtained a writ of error and *supersedeas* from one of the judges of this court. Opinion states the case.

*R. M. Hughes,* for the plaintiff in error.

*Borland & Willcox,* for the defendant in error.

LACY, J., delivered the opinion of the court.

This is a writ of error to a judgment of the corporation court of Norfolk city, rendered on the twenty-eighth day of October, 1886. The case is as follows: On the thirteenth day of December, 1878, the plaintiff in error sold to the defendant in error a certain lot and buildings thereon in the city of Norfolk. The deed was with general warranty, and contained a covenant of seisin, and for quiet enjoyment free from all incumbrances, etc. On the twentieth day of October, 1878, the city inspector of streets of said city notified the defendant in error that her fence and buildings encroached on the street, and ordered her to remove them. This order not being obeyed, in January following the notice and order were repeated, with a copy of the ordinance of the city providing for a fine if the order was not obeyed. The defendant in error notified her vendor, the plaintiff in error, and, the said vendor refusing to concern himself about the matter, the said defendant in error proceeded to obey the order of the city authorities, and pulled down and removed a part of her buildings, and repaved the street on the part vacated, and instituted her action of covenant for breach of the warranties in the deed of her grantor. On the trial of the action, it was proved that the house in question was built by direction of the city engineer at that day, which appeared to the present engineer to be erroneous. It appeared in evidence that the buildings in question encroached on the street three feet eight inches if the street was preserved of uniform width, which was forty feet. Both sides asked instructions, and the court, rejecting the defendant's instructions, gave the plaintiff's instructions; thereby instructing the jury that if they believed, from the evidence, that the deed of the defendant purported to convey the land in question, and that it was

a part of the highway, that such fact constituted a breach of the covenants in the deed, and the plaintiff was entitled to recover, and other instructions as to the measure of damages, and there was a verdict for the plaintiff. The defendant moved to set aside this verdict, and grant a new trial, but the court overruled the motion, and rendered judgment on the verdict; whereupon the case was brought here by a writ of error by the defendant, who had duly excepted, in the progress of the case, to the rulings of the court against him.

The chief question involved here, and the only one it is necessary to notice, is whether the facts set forth above constitute a breach of the covenants in the deed. It is contended by the plaintiff in error that a taking of part of the land for this street was not a breach of any warranty contained in the deed. The question whether the extension of a highway through or over any part of a lot of real estate is a breach of the covenant of quiet possession, free from incumbrances, seems to have been much controverted; and it has been held that a public highway or a railway in actual use is no breach of the covenant against incumbrances, nor a public or semi-public alley which is open to public observation. But whatever weight, says Mr. Rawle, may be due to these decisions, it cannot be denied that the current of authority has set strongly the other way; and the ruling in *Kellogg* v. *Ingersoll*, 2 Mass., 97, has been approved and sustained in nearly all the New England States and many others, in which it appears to be definitely settled that a public highway does constitute at law a breach of this covenant. Rawle, Cov. §§ 79, 80, *et seq.* In the case of *Kellogg* v. *Ingersoll*, Parson, C. J., said: "It is a legal obstruction to the purchaser to exercise that domain over the land to which the lawful owner is entitled. An incumbrance of this nature may be a great damage to the purchaser," etc. In the case of *Jordan* v. *Eve*, 31 Gratt., 1, (opinion of Staples, J.,) the decision is placed upon the ground that the highway was known to the purchaser, and taken into consideration when the purchase was made, and was obviously

included in the contract between the contracting parties. In such case, the highway cannot be held to constitute a breach of the covenants of the deed. But, while approving that decision, we think it must be distinguished from this case. Here, a certain lot by metes and bounds was sold for an agreed price, with buildings standing thereon, with the covenants stated. The purchaser not only lost control of a part of this land, but, his house standing in the street in part, it had to be pulled down. The street was obvious and observable, of course; but the hidden fact, which afterwards transpired, that, according to the true measurements of the street, the house stood upon a part of the highway, was not observable, in no wise apparent, and could not have been in contemplation of the parties contracting together. The purchaser was disturbed in the quiet possession he had contracted for, and deprived of a part of his house altogether, and of exclusive possession of a part of the land he had purchased. We cannot but regard this as a breach of the covenants in his deed for quiet possession. The case of *Wilson* v. *Cochran*, 46 Pa. St., 229, turns upon the same question as the case of *Jordan* v. *Eve*, *supra*, so far as the existence of a known public highway is concerned. In the case of *Butler* v. *Gale*, 27 Vt., 739, it is held that a highway, however open and obvious, intersecting land sold, will constitute a breach of the covenants against incumbrances, unless especially excepted in the deed; but from this doctrine we withhold our sanction, and it appears now to have been corrected in that state by statute. In this state, the law is settled the other way; but in a case like the one at bar, where the incumbrance is not known, and can in no way be held to enter into the contract, we think the extension of the highway is a breach of the covenants in the deed. The conclusion therefore is, that there is no error in the judgment appealed from, and the same must be affirmed.

JUDGMENT AFFIRMED.