**ATLANTIC MORTGAGE & FINANCE CO.
v. HAMILTON et ux.**

No. 5644.

Circuit Court of Appeals, Fifth Circuit.
May 16, 1930.

J. C. Cooper, Jr., and Raymond D. Knight, both of Jacksonville, Fla., and Harold Kassewitz and J. Walter Kehoe, both of Miami, Fla. (Price, Price, Kehoe & Kassewitz, of Miami, Fla., and Cooper, Knight, Adair Cooper & Osborne, of Jacksonville, Fla., on the brief), for appellant.

H. Pierre Branning, of Miami, Fla., and A. L. Nash, of Manitowoc, Wis. (J. R. B. Clemons and Cecil C. Curry, both of Miami, Fla., and Nash & Nash, of Manitowoc, Wis., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from a decree dismissing on final hearing appellant's bill in equity against appellees to rescind an option to purchase two city lots in Miami and to establish a vendee's lien for $50,000 paid for the option.

The lots were adjoining lots, each being 50x150 feet; and the two together fronted north 100 feet on Flagler street and east 150 feet on Southwest Eighth avenue. The north 10 feet of both lots prior to the option

584

had been dedicated by the then owner to the city to use for street, sidewalk, and highway purposes. Appellant claimed as assignee of the option, elected to purchase, tendered a certified check for $50,000 in payment of the first installment of the purchase price, but refused to accept a deed on the ground that the dedication to the city constituted an incumbrance, demanded its removal or the return of the option money. Appellees denied that the city's easement was an incumbrance, and refused to comply with the demands of appellant. On March 17, 1924, Matthew C. Flynn, joined by his wife, executed the deed of dedication of the north 10 feet of the lots to the city of Miami for street, sidewalk, and highway purposes, and this deed was recorded February 6, 1925. On April 24, 1924, by deed recorded July 12, 1924, Flynn and his wife undertook to convey the entire lots, including the easement, to appellee George S. Hamilton, who, joined by his wife, granted an option dated December 17, 1925, to J. J. Dean. This option, for a consideration of $50,000 which was paid, granted to Dean, "his heirs or assigns," the right to purchase the property on or before May 14, 1926, for an additional $250,000, to be paid $50,000 in cash and the balance in equal installments one, two, and three years after date; the deferred payments to be secured by a mortgage upon the property. Appellees on their part covenanted that on proper tender of performance being made they would convey the lots by warranty deed "free and clear of all liens and incumbrances, except outstanding city improvement liens." Appellees stated in their answer that their title was subject to the city's easement under Flynn's deed of dedication to it; and appellee George S. Hamilton testified that before the option was granted he authorized the construction of the sidewalk and paid for it. Appellant offered testimony to prove that on April 7, 1926, its president, Baker, in its behalf, gave Dean his note for $5,000 for an assignment of the option, and that on that date he executed an assignment which was later destroyed in the belief that it was improperly executed. On May 14, 1926, the date upon which the option expired, Dean executed the assignment which was offered and received in evidence, and appellant's president tendered a certified check for $50,-000 in payment of the first installment on the purchase price, coupled with the demand, however, that the right of easement acquired by the city be surrendered or the option money be returned. The option authorized the attorney for appellees to act for them in all matters affecting the acceptance of the purchase money and the mortgage and delivery of the deed in the event of a completed sale. That attorney raised no objection to receiving the certified check as payment, but, on the contrary, in reply to a question if it was a satisfactory tender answered in the affirmative. Dean was familiar with the property and knew of the existence of the sidewalk, but he did not know that it was on the lots until after the date of his assignment. Appellant did not know that the sidewalk was located upon the lots at the time the note was given for the assignment executed in April which was later destroyed, but learned, two days before the assignment of May 14 and the expiration of the option, that the abstract disclosed Flynn's deed of dedication to the city. At the trial Dean testified that he was not interested in the result of the suit, and had accepted the note for $5,000 in payment for his assignment.

We are of opinion that the easement, which the city of Miami acquired by dedication from Flynn across the north 10 feet of the lots involved, constitutes an incumbrance. An "incumbrance," within the meaning of covenants against incumbrances, is a burden or charge upon land. The general rule is that an easement upon any appreciable part of a valuable city lot is an incumbrance. Graybill v. Ruhl, 225 Pa. 417, 74 A. 239; Ritter v. Hill, 282 Pa. 115, 127 A. 455; McAndrews v. Camden National Bank, 87 N. J. Law, 231, 94 A. 627, Ann. Cas. 1917C, 146; Hershorn v. Rubenstein, 259 Mass. 288, 156 N. E. 251; Lavey v. Graessle, 245 Mich. 681, 224 N. W. 436, 64 A. L. R. 1477; Sandum v. Johnson, 122 Minn. 368, 142 N. W. 878, 48 L. R. A. (N. S.) 619, Ann. Cas. 1914D, 1007; Bank of Alaska v. Ashland, 128 Wash. 572, 224 P. 7; 20 C. J. 1252; 27 R. C. L. 503. In the last two of the above-cited cases it is recognized that an existing easement across a rural tract of land which does not appreciably diminish its value does not constitute an incumbrance, but it is said that a distinction exists between rural and urban property for the reason that an easement across a tract of land in the country does not always entail a loss but may be a benefit, whereas any easement across a city lot that appreciably decreases its size necessarily diminishes its value. The same distinction was recognized in a case arising in a federal District Court in Florida, Meacham v. Burgiss, 1 F.(2d) 47; but so far has not been drawn by the Supreme Court of Florida. In Van

585

Ness v. Royal Phosphate Co., 60 Fla. 284, 53 So. 381, 30 L. R. A. (N. S.) 833, Ann. Cas. 1912C, 647, it was held that an existing railroad right of way over 145 acres of land did not give the grantee a right of action for damages for breach of warranty. That case is not authority here, for it was dealing with an executed contract. In Musselwhite v. Oleson, 60 Fla. 342, 53 So. 944, 949, a case which dealt with an incumbrance upon a tract of land in the country, it was said by the same judge who wrote the opinion in the Van Ness Case: "There is a clear distinction between executed and executory contracts, as to the right of rescission of a contract. Ordinarily in the case of executed contracts a vendee cannot rescind a contract on the mere ground of a defect in the title; but it is otherwise in the case of an executory contract. In such a case for a defect in the title he may rescind and have the purchase money refunded." To the same effect are Hunter v. Bradford, 3 Fla. 269; Wheeler v. Sullivan, 90 Fla. 711, 106 So. 876; Gollnick v. James, 94 Fla. 1231, 115 So. 529. In Wheeler v. Sullivan, just above cited, the property involved was a city lot.

 There are no Florida Supreme Court decisions to the contrary, and we accept it as an established rule of property in that state that under an executory contract of purchase, containing a covenant against incumbrances, whether of rural or urban property, the vendee is entitled to rescind in the event there is an incumbrance which the vendor cannot or will not remove and which the vendee himself cannot remove by an application of the purchase money; and that the vendee in such a case is given an enforceable lien in equity upon the land as security for the repayment of what he had paid in performance of the contract.

This established rule, being a rule of property, is to be recognized and enforced in federal courts. 25 C. J. 839. The contract here sued on is executory, and we are not concerned with a different rule which applies to executed contracts.

 Flynn's deed of dedication to the city of Miami of the north 10 feet of the lots antedated his deed to appellees, but the latter deed was recorded first. Appellees cannot rely on the recording statute, as it is admitted in their answer and in the husband's testimony that they acquiesced in and ratified the dedication of the easement to the city before the date of their option to Dean. Dean had no actual or constructive knowledge of the incumbrance created by the ease-

ment at the time he acquired his option, or until after he had assigned it to appellant. The sidewalk was in place and Dean had knowledge of its existence at the time he took the option, but he did not know that it was on the lots until after the date of his assignment to appellant. Dean's knowledge of the existence of the sidewalk was not sufficient to impute to him notice or knowledge that it was on the lots. Edmundson v. Mullen, 215 Ala. 297, 110 So. 391; Trice v. Kayton, 84 Va. 217, 4 S. E. 377, 10 Am. St. Rep. 836. He therefore had the right to rely upon the covenant of appellees to convey title free from the incumbrance of the city's easement. The option ran to Dean, "his heirs or assigns," and therefore was assignable by its very terms. 27 R. C. L. 345.

 It is unnecessary to determine whether or not there was error in the ruling of the court which excluded testimony tending to show that appellant had no knowledge, actual or constructive, of the existence of Flynn's deed of dedication to the city at the time it gave its president's note in payment for the option, and that an assignment was made but destroyed because it was thought to be defective; for appellant stands in Dean's shoes and is entitled to assert whatever rights he had, although at the date of the assignment offered in evidence it had constructive notice of the incumbrance. A purchaser with notice from a purchaser without notice takes a good title. Doyle v. Wade, 23 Fla. 90, 1 So. 516, 11 Am. St. Rep. 334; Feinberg v. Stearns, 56 Fla. 279, 47 So. 797, 131 Am. St. Rep. 119.

 The note for $5,000, which Dean accepted for his assignment, was sufficient to constitute a valuable consideration. Appellees cannot object that the assignment was given for less than the value of the option, as the optionee was satisfied with his bargain and disclaimed any interest in the controversy. They remain bound to the assignee as effectually as they were originally bound to the optionee. Musselwhite v. Oleson, supra; Reed v. Moore, 91 Fla. 900, 109 So. 86. The certified check for $50,000, offered in payment of the first installment upon the purchase price, was treated by the duly authorized attorney for appellees as a sufficient tender, and a legal tender was thereby waived; but the question of sufficient tender becomes immaterial, because the vendor was not able to convey an unencumbered title. 27 R. C. L. 347.

Our conclusion is that, upon the pleadings and the evidence adduced, appellant was

entitled to the relief prayed for by its bill of complaint.

The decree is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.