MARY ELIZABETH MYERS *v.* LAFAYETTE GRANER *et al.*

(No. 6775)

Submitted February 10, 1931.   Decided April 7, 1931.

*J. Leonard Baer,* for plaintiff in error.

*Frank A. McMahon* and *William Simpson,* for defendants in error.

LITZ, PRESIDENT:

The plaintiff, (Mrs.) Mary Elizabeth Myers, is aggrieved by the judgment of the circuit court of Ohio County, setting aside a verdict for $2100.00 in her favor against the defendants, Lafayette Graner and Anna Graner, his wife, in an action for breach of covenant to real estate; and entering judgment of nil capiat.

Graners, by two separate deeds dated, respectively, August 16 and 17, 1921, granted, with covenants of general warranty of title, to Mrs. Myers a parcel of land in the city of Wheeling described in the conveyances as abutting the National Road,

which is 66 feet in width and was established by an Act of Congress of March 29, 1806, and subsequent acts of Congress and legislative enactments of the several states through which it passes. The land conveyed, as pointed out on the ground to the grantee by the male grantor at the time of the sale, and a small house thereon encroached upon the highway to a depth of 21 feet. In a chancery suit instituted by the State Road Commission against Mrs. Myers, a decree was entered February 18, 1927, compelling her to remove the building and vacate all the land within the limits of the road. Thereafter she instituted this action under the covenants of title for the loss thus sustained. The trial court set aside the verdict on the ground that the land was granted subject to the public easement, and entered judgment for defendants.

In *Jordan* v. *Eve, Trustee, etc.*, 31 Gratt. 1, it is held that a public road passing through lands conveyed with covenants of title is not an encumbrance in contemplation of the covenants. Judge Staples, writing the opinion of the court, said: "With us it has never been supposed that the vendor in conveying his land is required to make an express reservation or exception with respect to the highways upon the tract, or else to submit to an abatement of the purchase money. A public highway is generally regarded as a benefit to the land; and whether so or not, the purchaser is presumed to have taken it into consideration and to have fixed the price with reference to its supposed advantages or disadvantages. If it was once understood as the doctrine of this court that the purchaser is entitled to an abatement or damages for an easement or incumbrance of this kind, in the language of the New York court, it would open the floodgates of litigation in this state. Besides it is difficult to see how the damages in such case can be properly estimated. A public highway is a mere easement. It does not take away the right of freehold in the soil. That continues in the owner in the same manner it was before the highway was established, subject only to the easement. The owner still retains his property in the mines, quarries, springs of water, timber and earth not incompatible with the public right of way. He may maintain trespass, ejectment, or waste in respect to the same. And upon the abandonment or dis-

continuance of the way the property and right of enjoyment revert to the proprietor of the soil. Washburn on Easements and Servitudes, 228; *Warwick & Barksdale* v. *Mayo,* 15 Gratt. 545. These elements must of course be taken into consideration, as also the peculiar benefits the owner derives from the location of the road, in estimating the damages or abatement to which the purchaser may be entitled.''

In *Patton* v. *Quarrier,* 18 W. Va. 447, the rule is thus stated: ''Where at the time of purchase of real estate there is a road or right of way used by the public, such as a public highway or a road used so long that there may be a presumption of a dedication to the public, the purchaser takes the land subject to such rights; and he is not protected even by a deed of warranty against encumbrances.''

*Shaver* v. *Edgell,* 48 W. Va. 502, also, holds: ''Where a public highway exists, a purchaser of the land on which it is, takes subject to the public right, whether he have notice of it or not.''

The principle is applied in *Barre* v. *Fleming,* 29 W. Va. 314, as follows: ''When land lying on the Ohio river is conveyed by deed with general warranty and calling for low-water-mark on said river as one of its boundaries, the warranty is not broken by reason of the fact that the public owns an easement therein, and she or one of her municipal corporations has perpetually enjoined the purchaser from building a wharf or private landing on the land below high-water-mark without his obtaining a license to do so.'' JUDGE SNYDER, speaking for the court in the opinion of the case, said: ''In the case at bar the appellees purchased the lot in controversy, subject to this public easement, and with full notice of the public statutes enacted by the State for its control and regulation, because every citizen is conclusively presumed to know the public laws of his State and to make all his contracts with reference and in subjection thereto. * * * The appellees obtained the fee to all the land described in their deed. The fact that a part of the lot was subject to a public easement, which was notorious and of which they had full knowledge, does not, any more than would the easement of a public road over a portion of the lot, constitute a breach of

the covenant of warranty in the deed. In *Patterson* v. *Waters,* 9 Watts 152, the court said : 'It is fair to presume that every purchaser, before he closes his contract for the purchase of land, has seen it and made himself acquainted with the locality and the state and condition of it; and, consequently, if there be a public road or highway open and in use upon it, he must be taken to have seen it and to have fixed in his own mind the price he was willing to give for the land with reference to the road either making the price less or more as he conceived the road to be injurious or advantageous to the occupation of the land.' The law as thus declared has been fully recognized and confirmed by the decisions of this Court and the Appellate Court of Virginia. (*Patton* v. *Quarrier,* 18 W. Va. 447; *Jordan* v. *Eve,* 31 Gratt. 1)."

The plaintiff contends that the general rule, thus established by this and the Virginia court, is not applicable to the facts in the principal case, citing *Trice* v. *Kayton,* 84 Va. 217, 4 S. E. 337. That case involved the sale and conveyance, with covenants of title, of a town lot which encroached upon a street, a fact ascertainable only by an accurate survey. The court, distinguishing the case from *Jordon* v. *Eve,* cited, said : "In the case of *Jordon* v. *Eve,* 31 Grat. 1, (opinion of Staples, J.,) the decision is placed upon the ground that the highway was known to the purchaser, and taken into consideration, when the purchase was made, and was obviously included in the contract between the contracting parties. In such case, the highway cannot be held to constitute a breach of the covenants of the deed. But, while approving that decision, we think it must be distinguished from this case. Here, a certain lot by metes and bounds was sold for an agreed price, with buildings standing thereon, with the covenants stated. The purchaser not only lost control of a part of this land, but, his house standing in the street in part, it had to be pulled down. The street was obvious and observable, of course, but the hidden fact, which afterwards transpired, that, according to the true measurements of the street, the house stood upon a part of the highway, was not observable, in no wise apparent, and could not have been in contemplation of the parties contracting together. The purchaser was distributed in the

quiet possession he had contracted for, and deprived of a part of his house altogether, and of exclusive possession of a part of the land he had purchased.''

The plaintiff testified that the land was pointed out to her by Lafayette Graner at the time of her purchase as abutting the highway, and, according to his testimony, he then believed that it did so. This being true, the parties did not contract with reference to the easement of the road over any part of the property. Apparently there was no circumstances putting the grantee on notice of any encroachment; the improved or traveled portion of the highway being only eighteen feet wide. Had the road appeared to the parties to be entirely within the property conveyed, the grantee would have been imputed with notice of its legal width regardless of the extent to which it had been improved. A mistake in that situation would have been one of law (as in the case of *Barre* v. *Fleming*, cited,) and not of fact as in the case now presented. The plaintiff testified that· ''there wasn't much to'' the house at the time of the conveyance, but that she had expended considerable money enlarging and remodeling the same. ''It is the settled law of this State that, where there is a sale of land with covenant of general warranty, and the purchaser is evicted by a third person holding a paramount title, the measure of damages to which the purchaser is entitled, where the vendor sold in good faith and without fraud, is the purchase money paid for the land with interest thereon from the date of the actual eviction. *Threlkeld* v. *Fitzhugh*, 2 Leigh. 451; *Stout* v. *Jackson*, 2 Rand. 132; *Lowther* v. *The Commissioner*, 1 H. & M. 202; *Thompson* v. *Guthrie*, 9 Leigh. 101. The same rule obtains when the eviction is of only a part of the land sold. In such case the measure of damages is, such a portion of the purchase money as the relative value of the land lost bears to the price of the whole land. *Humphreys* v. *McClenachan*, 1 Munt. 493.'' *Butcher* v. *Peterson*, 26 W. Va. 447, 454.

We are of the opinion, therefore, to reverse the judgment, complained of, and remand the case for another trial in accordance with the principles herein stated.

*Reversed and remanded.*