## Mezza *v.* Beiletti et ux., Appellants.

Argued November 17, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and FINE, JJ. (ARNOLD, J., absent).

*Carroll Caruthers,* for appellants.

*Robert W. Smith,* with him *R. D. Noel* and *Smith, Best & Horn,* for appellee.

OPINION BY RENO, J., January 12, 1950:

This is the vendors' second appeal in an equity proceeding instituted by the vendee for the specific performance of a contract for the sale of real estate.

When the case was here previously we decided: "The evidence sustains the findings that a parol contract was entered into, that possession was given and taken under it, that improvements were made pursuant to it, and that part of the purchase price was paid in accordance with it. There is not, as we shall presently demonstrate, adequate proof that the *entire* purchase price was paid." Accordingly, the decree then before us was reversed and the record was remitted "to the court below for further procedings consistent with this opinion including a hearing for the purpose of taking further testimony, but limited to the determination of the question whether

the consideration has been paid in full." *Mezza v. Beiletti*, 161 Pa. Superior Ct. 213, 215, 221, 53 A. 2d 835.

The learned chancellor has now found that the purchase price has been paid in full. His findings have been approved by the court en banc, and we are bound by them if they are supported by the evidence.

Under his bill, amended in accordance with our suggestion, plaintiff showed that after defendants had entered into the contract of sale the Commonwealth appropriated part of the premises for state highway purposes and that Westmoreland County paid $3200 to defendants for the land taken. This payment covered the premises to be conveyed to plaintiff under his contract as well as the land retained by defendants. One witness called by plaintiff testified that the $3200 should be equally divided between the two tracts; another testified, according to the chancellor's paraphrase, that "there was about $100.00 more damage done to the Beiletti property than was done to the Mezza property." This testimony amply sustained the finding: "That the proportion of the $3200.00 paid by the County of Westmoreland to the defendants, which John Mezza was entitled to receive, exceeded the balance of $1050.00 due on the purchase price."

Having found the proportion of the damages properly allocable to the premises purchased by plaintiff, it follows, as a matter of law and under the authorities cited in our prior opinion, that plaintiff was entitled to credit for that sum in the calculation of the amount due upon the purchase price. "A person who, as the holder of a title to property in which another has the beneficial interest, receives a direct product of the property, income or other proceeds from it, is under a duty to account to the other": Restatement, Restitution, §125. Plaintiff by his amended bill elected to stand squarely upon that proposition of law and hence the question whether Mrs. Beiletti expressly agreed that

part of the damages should be deducted from the purchase price, discussed in the prior opinion, became altogether irrelevant.

Although only one question was remanded for the consideration of the court below, appellants filed 18 assignments of error. Some seek a review of questions decided in our first opinion and some relate to questions which might have been but were not raised on the prior appeal. We have considered all the assignments and find that none possesses merit. The deficiencies which we discovered in the record on the first appeal have been completely supplied and plaintiff is now unquestionably entitled to specific performance.

Decree affirmed; all costs to be paid by appellants.