## Wood *v.* Evanitzsky, Appellant.

Argued March 5, 1951. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Gunther, JJ.

*Gerald G. Dolphin,* with him *J. Wilson Ames,* for appellants.

*Leigh B. Maxwell,* for appellee.

OPINION BY RENO, J., March 20, 1951:

Plaintiff entered judgment upon a confession contained in defendants' bond accompanying a purchase money mortgage. Defendants petitioned the court below to open the judgment and appealed from an order refusing relief.

By a deed following the statutory form, dated May 27, 1947, plaintiff and his wife conveyed their farm to defendants, husband and wife, describing the premises by metes and bounds, and containing a general warranty clause in addition to the words "grant and convey". The consideration was $2500; of which $1000 was paid on April 15, 1947; $500 on the date of the deed; and for the balance appellants executed the purchase money mortgage here involved. Prior thereto, on February 21, 1947, the Governor approved plans for a State highway which ran through the farm. Subsequently, on July 27, 1947, plaintiff delivered a quit claim deed to the Commonwealth for the land within the highway and received $850 as damages. Appellants contend that they are entitled to a credit in that sum against the amount due on their purchase money mortgage, and to assert that claim they petitioned for the opening of the judgment.

The testimony is not too clear upon this point, but apparently the Governor's approval was for the relocation of an existing State highway. Hence, that approval was "the condemnation of an easement for highway purposes": Act of June 1, 1945, P. L. 1242, §210, 36 P.S. §670-210. At the time of the approval and condemnation plaintiff owned the land and was entitled to the damages, regardless of when they were paid. *Smith v. Commonwealth,* 351 Pa. 68, 40 A. 2d 383. They do not pass by a subsequent conveyance of the land although not specifically reserved. *Hunter v. McKlveen,* 353 Pa. 357, 45 A. 2d 222. The contract of sale

was made *after* the condemnation, and hence we do not meet the factual situation present in *Mezza v. Beiletti,* 161 Pa. Superior Ct. 213, 53 A. 2d 835, 165 Pa. Superior Ct. 609, 70 A. 2d 395.

The words "grant and convey" in a short form deed import a covenant that the premises conveyed are "freed from incumbrances done or suffered from the grantor": Act of April 1, 1909, P. L. 91, §3, as amended by the Act of April 30, 1925, P. L. 404, §3, 21 P.S. §4. An easement may be an incumbrance. *Strong v. Brinton,* 63 Pa. Superior Ct. 267. But the presence of a public road upon the premises is not such an incumbrance or easement as will justify a vendee to cancel his contract or enable a grantee to maintain an action for the breach of a covenant. *Patterson v. Arthurs,* 9 Watts 152; *Ake v. Mason,*[1] 101 Pa. 17. Nor is any species of easement an incumbrance where it is "plainly visible to the eye": *Memmert v. McKeen,* 112 Pa. 315, 322, 4 A. 542. If, at the time land is conveyed, it is openly and plainly subject to an easement of way, the easement will not be a defense to the payment of the purchase price, as a breach of a covenant against incumbrances. *Eby v. Elder,* 122 Pa. 342, 15 A. 423. See also *Grace Church v. Dobbins,* 153 Pa. 294, 25 A. 1120; *Liquid Carbonic Co. v. Wallace,* 219 Pa. 457, 68 A. 1021; *Tide Water Pipe Co. v. Bell,* 280 Pa. 104, 124 A. 351; *Stein v. Bell Telephone Co.,* 301 Pa. 107, 151 A. 690. Upon this last line of cases learned Judge BODIE based his decision.

That the relocated road was visible, and that appellants saw it before they completed their purchase cannot be doubted. This is clearly spelled out by the

---

[1] In the *Ake* case the public road had been merely plotted and *not* opened. For an opinion by GIBSON on a relatively analagous factual situation see *Dobbins v. Brown,* 12 Pa. 75. See also *Bailey v. Miltenberger,* 31 Pa. 37; *Peck v. Jones,* 70 Pa. 83.

testimony of Mrs. Evanitzsky, who acted and testified for herself and her husband. She testified that about the time they paid the first $1000 she observed that "There was a highway going across the property. I believe it was a state highway." Later, on May 27, 1947, when the $500 was paid and the purchase money mortgage delivered, she noted that "one barn and the milk house was taken down";[2] that "the road was going through at that time"; and that "they were already working on the road". Answering the question: "But at the time you received this deed, you knew the road was going through; correct?" she testified, "Yes; I knew the road was going through." So that, laying aside the *Ake* case, supra, and regarding the road as an easement which would constitute a breach of the covenant against incumbrances only if visible, Mrs. Evanitzsky's own testimony establishes that appellants had notice of the road. They examined the farm before buying it, and, in the language of the Memmert case, supra, p. 322, "therefore took it with his [their] eyes open to the servitude." See *Keen v. Baby,* 254 Pa. 273, 98 A. 1040.

It is unfortunate that the date of the condemnation was not solidly documented. The record of the Governor's approval was the best evidence of that fact. However, appellants did not insist upon strict proof. They called an assistant highway engineer as their witness, and thereby vouched his credibility. On cross-examination, without objection or contradiction, he testified that the Governor approved the plans on February 21, 1947, and that the approval constituted a condemnation. In the absence of objection or contradiction, appellants cannot here question the finding of the court below on that point.

---

[2] Other testimony establishes that the barn and milk house were taken down in the construction of the road.

This disposition of the appeal renders unnecessary decision upon other points adverted to in the briefs and the oral argument. They have, however, had our consideration.

Order affirmed.